**NORTH BROWARD HOSPITAL DISTRICT, Plaintiff-Appellee,**

v.

**Otis R. BOWEN, Secretary of the United States Department of Health and Human Services, Defendant-Appellant.**

**No. 85–6039.**

United States Court of Appeals, Eleventh Circuit.

Jan. 12, 1987.
Rehearing and Rehearing En Banc Denied Feb. 25, 1987.

---

**1406**

man Services, Washington, D.C., for defendant-appellant.

Edward T. O'Donnell, Jennifer L. Scott, Michael W. Ford, Miami, Fla., for plaintiff-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

GARZA, Senior Circuit Judge:

This case presents a difficult statutory construction question as to whether a Medicare provider may claim certain costs in a proceeding before the Provider Reimbursement Review Board when the provider failed to claim such costs or otherwise contest them in its annual Medicare cost reports. The Provider Reimbursement Review Board held that it had no jurisdiction to consider reimbursement claims not expressly claimed by the providers in the cost report to the fiscal intermediary. The district court remanded the case to the Board, directing the Board to consider costs not expressly claimed within the cost report. We vacate the district court's order of remand and uphold the Board's decision that it had no jurisdiction to consider the claims of the provider in this case.

I

In 1965, Congress enacted Title XVIII of the Social Security Act, known today as the "Medicare" program, 42 U.S.C. § 1395 *et seq.* This legislation authorizes federal reimbursement for medical care provided to the aged and certain disabled individuals. Part A, under which this case arises, provides hospital insurance benefits to the elderly. If the health care provider agrees not to bill certain patients for medical services, the Act mandates that the provider be reimbursed for its "reasonable costs" of

Leon B. Kellner, U.S. Atty., Susan H. Aprill, Asst. U.S. Atty., Miami, Fla., Susanne M. Lee, U.S. Dept. of Health & Hu-

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

providing medical services to medicare beneficiaries. 42 U.S.C. §§ 1395f, 1395cc. Annual cost reports are submitted to a "fiscal intermediary" for review; the fiscal intermediary acts as an agent of the Secretary of Health and Human Services (HHS) and is responsible for reviewing claims for reimbursement and administering payments due under the program. 42 U.S.C. § 1395h. The intermediary audits the annual cost report of the provider and issues a Notice of Program Reimbursement (NPR) to the provider with an explanation of any audit adjustments or disallowed costs. If the provider is dissatisfied with the final determination of the intermediary, it may appeal to the Provider Reimbursement Review Board ("PRRB" or "Board"). A provider may "obtain a hearing with respect to such cost report" before a PRRB if the provider

> is dissatisfied with the final determination of the organization serving as its fiscal intermediary ... as to the amount of total program reimbursement due the provider for the items and services furnished to individuals for which payment may be made under this sub-chapter for the period covered by such report."

42 U.S.C. § 1395oo(a)(1)(A)(i). Once the matter is before the PRRB, the Board has

> the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determination.

42 U.S.C. § 1395oo(d). The statute authorizes a provider to seek review of a PRRB decision by the Secretary, and if the Secretary's decision is also adverse, the provider

may seek judicial review of the Secretary's final decision. 42 U.S.C. § 1395oo(f)(1).

## II

The North Broward Hospital District (North Broward) exists in a special tax district created by an act of the Florida legislature. North Broward operates three public hospitals in Broward County; these hospitals are providers under the Medicare program. As such, the hospitals receive interim payments at least monthly from the Medicare program based on the estimated cost of health-covered services provided to Medicare beneficiaries.[1] Final settlement is made retroactively based upon annual cost reports which North Broward submits to a claim intermediary for reimbursement of actual expenditures.

During fiscal year 1977, North Broward incurred costs consisting of charges by the Broward County tax assessor and Broward County tax collector for revenue necessary to operate the three hospitals. The hospitals initially included these costs in their individual cost reports but later "self-disallowed"[2] them. Since North Broward's cost report did not request reimbursement for its tax payments, the fiscal intermediary did not include the tax collection costs in its NPR, and there were no payments made to North Broward for the tax collection expenses.

North Broward appealed the intermediary's determination of reimburseable costs to the PRRB and, for the first time, raised a claim for reimbursement of the tax collection expenses while on appeal before the PRRB. The Board initially accepted jurisdiction of North Broward's appeal, but on June 28, 1984, the Board informed North Broward that it could not accept jurisdiction over the assessment and collection expenses because they were not claimed as costs in the provider's original cost reports.

**1.** The periodic interim payments are designed to assist the providers in avoiding cash flow problems. 42 U.S.C. § 1395g.

**2.** "Self-disallowed" costs are expenses listed in an annual cost report but are not costs for which a provider claims it is entitled to reimbursement. Since these costs of health care are

initially listed and then voluntarily subtracted by the health care provider itself and not claimed for reimbursement, they are commonly termed "self-disallowed" costs. North Broward offers no explanation as to why these costs were self-disallowed.

On internal agency appeal, the acting deputy administrator of the Health Care Financing Administration affirmed the decision denying jurisdiction on August 23, 1984; this constituted the final decision of the Secretary of Health and Human Services. North Broward appealed the Secretary's decision by filing suit in U.S. District Court. Judge Alcee Hastings determined that the tax collection costs were "self-disallowed" in a good faith attempt to obey the law. He dismissed the case without prejudice and remanded it to the PRRB, holding that the PRRB did have jurisdiction to hear issues concerning self-disallowed costs not expressly claimed in an initial cost report. The Secretary appeals that decision.[3]

### III

Crucial to the resolution of this issue is our interpretation of the Medicare statute. Our standard of review turns on whether the Secretary's interpretation of the law is reasonable or arbitrary and capricious; courts grant the agency charged with the administration of a statute substantial deference in its interpretation. *Blum v. Bacon,* 457 U.S. 132, 102 S.Ct. 2355, 72 L.Ed.2d 728 (1982); *Memorial Hospital v. Heckler,* 706 F.2d 1130, 1134 (11th Cir. 1983) *cert. denied,* 465 U.S. 1023, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984); *Lloyd Noland Hospital and Clinic v. Heckler,* 762 F.2d 1561 (11th Cir.1985) (the court "will not substitute its judgment for that of the agency"). Absent a clear error of judgment, the agency's construction should be upheld.

Four United States Circuit Courts have previously considered the Secretary's interpretation of 42 U.S.C. § 1395oo. The District of Columbia Circuit filed two opinions holding that a provider must raise a claim in its original cost report or lose its right to claim the cost on appeal. *Athens Community Hospital v. Schweiker,* 686 F.2d 989 (D.C.Cir.1982) (*Athens I*); *modified on reh'g, Athens Community Hospital v. Schweiker,* 743 F.2d 1 (D.C.Cir.1984) (*Athens II*). The Fourth Circuit has also adopted the Secretary's position and the rationale of *Athens II. See Community Hospital of Roanoke Valley v. Health & Human Services,* 770 F.2d 1257 (4th Cir. 1985). The Sixth Circuit's decision in *Saline Community Hospital v. Secretary of Health & Human Services,* 744 F.2d 517 (6th Cir.1984), affirmed this reading of the statute. The Seventh Circuit has found contrary to the Secretary, *St. Mary of Nazareth Hospital v. Dept. of Health & Human Services,* 698 F.2d 1337 (7th Cir.1983), as have some district courts.[4] After a close reading of the Medicare statute and considered review of the previous decisions on this issue, we are persuaded that the Secretary's interpretation is reasonable and should be upheld.

The conflict over the interpretation of the Medicare statute concerns whether or not a provider must expressly claim or specifically contest an item of reimbursement with the fiscal intermediary before such cost(s) may be claimed on appeal to the PRRB. Under the Medicare statute, the PRRB has the power only to review "matters covered by such cost report." 42 U.S.C. § 1395oo(d). However, § 1395oo(d) also provides that the Board shall base its decision upon "the record made at such hearing, which shall include the evidence considered by the intermediary and such other evidence as may be obtained or received by the Board ... even though such

---

**3.** The initial question, of course, is whether this is an appealable order since there was no adjudication on the merits. This Circuit has held that a remand order from a district court to the PRRB is an appealable order. *Medical Center Hospital v. Bowen,* No. 86–3026 (11th Cir. March 6, 1986).

**4.** *See, e.g., Adams House Health Care v. Heckler,* 604 F.Supp. 110 (N.D.Cal.1984) *appeal docketed,* No. 85–1512 (9th Cir. Jan. 7, 1985); *Parkway Memorial Center, et. al. v. Heckler,* No. 83–1700–CIV (S.D.Fla. Sept. 19, 1984) *reconsideration denied* (S.D.Fla. Dec. 18, 1984); *Springdale Memorial Hospital v. Heckler* (W.D.Ark. April 14, 1986) [available on Westlaw, DCTU database] (order that receipt of NPR not required for appeal of prospective payments to the PRRB).

matters were not considered by the inter-- mediary in making such final determination." *Id.*

The language of the statute is ambiguous as to whether the PRRB can consider reimbursement claims not disclosed in the cost report. While there are various methods of interpreting the statutory grant of § 1395*oo*(d) [5], the D.C. Circuit reasoned that "there is only one way of reading the statute that does give effect to both charges of Section 1395*oo*(d)." [6] *Athens II*, 743 F.2d at 9; *accord, Community Hospital of Roanoke Valley*, 770 F.2d at 1262. A cost report lists both reimburseable and non-reimburseable costs; there is clearly a difference between simply listing a cost on a provider's cost report and claiming reimbursement for a particular cost incurred. The fiscal intermediary only audits costs expressly claimed for reimbursement. It would be anomalous for a provider to be "dissatisfied" with the decision of the fiscal intermediary because the provider itself failed to disclose costs for which it desired reimbursement. The only plausible construction of § 1395*oo*(d) requires that an expense be overtly disclosed and contested before the fiscal intermediary in order to be "a matter covered by such report" and appealable before the PRRB; the Board may consider "revisions" on the reimbursement of costs "even though such matters

were not considered by the intermediary in making such a final determination" so long as such revisions "[are] necessary to accommodate other PRRB revisions of matters that were [expressly] claimed by the provider, decided adversely by the intermediary, and then contested by the provider to the PRRB." *Athens II*, 743 F.2d at 9. A broader reading of PRRB jurisdiction, allowing any claim to be raised for the first time on appeal to the Board, "would effectively nullify the language in the statute that limits the PRRB's authority to affirm, reverse or modify reimbursements to 'matters covered by a cost report' " and wreak havoc with the multi-tiered administrative appeals scheme. *Athens II*, 743 F.2d at 6. The district court's reading would result in the elimination of the administrative review process clearly provided for in the Medicare statute and regulations.

We believe that the scope of jurisdiction conferred by § 1395*oo*(d) is limited to matters put into dispute by the provider at the time the cost report is filed. This reading of the statute is more consistent with the language of § 1395*oo*(d) and with the overall approach contemplated by Congress. *See* 42 U.S.C. § 1395*oo*. Therefore, we hold that a provider, to retain the right to appeal the decision on whether a cost is reimburseable, must either expressly request reimbursement for a cost item in its

---

**5.** See the thorough analysis of possible interpretations in *Athens II*, 743 F.2d 1, 4–7.

**6.** This conclusion is instructive. *Athens II* modified *Athens I* because the first panel opinion focused too much on the "matters covered in such cost report" language instead of attempting to harmonize and give meaning to both of the potentially conflicting provisions of § 1395*oo* (d). Neither clause, "matters covered in such cost report" nor "even though such matters were not considered by the intermediary in making such final determination," can be read without reading the entire statutory section in context. This illustrates the problem with the decision in *St. Mary of Nazareth v. Dept. of Health & Human Services*, 698 F.2d 1337 (7th Cir.1983), the only appellate decision allowing reimbursement claims to be raised for the first time before the PRRB. The Seventh Circuit's view of § 1395*oo*(d) places predominant weight on a single clause of the statute, the "even though ..." phrase, and fails to properly consider the

entire statutory section or the overall regulatory scheme created by Congress. The reimbursement review procedure is modeled after the civil litigation procedure, and the PRRB's review of the fiscal intermediary's decision is limited in the same manner as an appellate court's review of a trial decision: the claim had to be brought at the initial hearing to be recognized on appeal. To the extent § 1395*oo*(d) allows evidence of claims not considered by the intermediary, we adopt the D.C. Circuit's conclusion that such evidence is limited to the *category* of claims previously filed in the cost report. *See Athens II*, 743 F.2d at 3, n. 2.

North Broward stated during oral argument that the self-disallowed tax payments at issue here were listed as general administrative expenses. Appellee has made no representation that such general expenses were costs claimed for reimbursement. The actual cost report has not been made a part of this record.

initial cost report or specifically contest the non-allowability of the item with its intermediary in or with the cost report.[7]

The decision of the district court is hereby VACATED and the appeal DISMISSED.

ANDERSON, Circuit Judge, concurring.

In my opinion, the most reasonable interpretation of the statute is contrary to that urged by the Secretary. The language, "power ... to make any other revisions on matters covered by such cost report ... even though such matters were not considered by the intermediary," would seem rather clearly inconsistent with that interpretation, and would seem to specifically address the issue in this case. However, Judge Garza's opinion has persuaded me that the Secretary's interpretation is not so strained as to be unreasonable, arbitrary or capricious. Accordingly, deference to the agency's construction is due. I concur in the judgment.

See also 107 S.Ct. 483.

---

**7.** Of course, the Medicare reimbursement scheme also provides other avenues of appeal to request reimbursement. A thirty-day extention of the due date for a cost report may be granted for good cause. 42 C.F.R. § 405.453(f)(2)(ii). The intermediary has the discretion to allow or require a provider to reopen and, if appropriate, amend a previously filed cost report. 42 C.F.R. §§ 405.453(f), 405.185. Moreover, the provider could always "self-disallow" costs but append a letter to the cost report stating that such voluntary self-disallowance was performed only to comply with regulations which the provider wished to challenge. *See Community Hospital of Roanoke Valley,* 770 F.2d at 1263, n. 4.